**THE L. & W. B. C. CO. NO. 11.**

**THE DIGGER NO. 3.**

No. 16702.

District Court, E. D. New York.

Aug. 7, 1943.

Mahar & Mason, of New York City (Frank C. Mason, of New York City, of counsel), for claimant.

Slayton & Jackson, of New York City (George N. Slayton of New York City, of counsel), for claimant.

No appearance for respondent-impleaded.

CAMPBELL, District Judge.

Smith Stone Works, Inc., was impleaded under the 56th Rule in Admiralty, 28 U.S.C.A. following section 723, on the petition of Weeks Stevedoring Company Inc., claimant.

The Weeks "Digger No. 3" also described as "Crane" had, prior to February 18, 1942, been chartered to Smith Stone Works, Inc., the respondent-impleaded, by her owner, Weeks Stevedoring Company, Inc., which furnished and paid the crew, but the said Digger No. 3 and her crew were under the orders of, and controlled by, the said Smith Stone Works, Inc.

On the said 18th day of February 1942, the said "Digger No. 3" lay alongside the oil dock at Welfare Island, in the East Channel of the East River, bow down river, and libellant's chartered barge L. & W. B. C. Co. No. 11, chartered to respondent-impleaded, under a freight charter, lay outside, and alongside the "Digger No. 3", also bow down the river.

Discharge of heavy and sizable blocks of stone from libellant's barge had been under way for some time, without any difficulty.

The chain tackle and hooks were furnished by the respondent-impleaded. At

both ends of the chain were straight hooks of metal, and in discharging one of such hooks was introduced into a hole in one end of the block of stone to be lifted, and the other hook of metal was introduced into a hole in the other end of the stone. This work was performed by the agents, servants and employees of the respondent-impleaded, and the "No. 3" and those employed on board of her performed no part in the attaching of the hoisting gear to such stones, nor did she or they exercise any control over those who affixed the hoisting gear to such stones.

After the said hooks attached to the hoisting gear had been introduced into the holes in the ends of said stone, by an agent, servant or employee of the respondent-impleaded, another agent, servant or employee of the respondent-impleaded gave the signal to the Engineer of the "No. 3" to hoist, and the Engineer operating the "No. 3" caused her to lift the stone, and swing her boom so as to load the stone onto a waiting truck on the dock.

This method of discharging the blocks of stone had been operated satisfactorily, and without incident, until about 1.45 o'-clock P.M., when the metal hook introduced into one end of a block of stone by the agents, servants or employees of the respondent-impleaded, which was being hoisted from the forward bay of the No. 2 hatch of the "L. & W. B. C. Co. No. 11" by the "No. 3", after the signal to hoist had been given by another agent, servant or employee of the respondent-impleaded, the metal hook slipped from the hole at one end of said block of stone, and one end of the block of stone landed on the starboard rail, and the stone on the deck just forward of, and striking the combing of No. 2 hatch of the "No. 11" inflicting damage upon her.

The falling of the said block of stone was occasioned solely by the fact that at one end of the block of stone, above the hole provided for the introduction of the hook, there was quite a projection, and instead of the hook being forced into close engagement with the hole when the stone was lifted, the projection on the end of the stone acted as a fulcrum, causing the hook to be withdrawn from the hole, and the stone to fall, and that was solely the fault of the agents, servants and employees of the respondent-impleaded, who introduced the hook into the stone, and the "No. 3" was without any fault or blame.

The owner of the "No. 3" was without fault or blame.

Of course, there can be no question that it is the law that a vessel is liable in rem as the offending thing, without regard to the personal responsibility of the owner, but, the difficulty that confronts the libellant in the instant suit is that, the "No. 3" did not offend. No act of the "No. 3" caused the damage in question. It would not matter if the actions of the "No. 3" were controlled by the respondent-impleaded, and her owner was not responsible, if the act of the "No. 3" was the cause of the damage the "No. 3" would be liable, but, in the instant suit, no act of the "No. 3" caused the damage, and therefore, the following cases cited on behalf of the libellant, The John G. Stevens, 170 U.S. 113, 18 S.Ct. 544, 42 L.Ed. 969; Barge Willie Eck-Barge No. 23, 1924 A.M.C. 704; United States v. Brig Malek Adhel, 2 How. 40, 11 L.Ed. 239; Turner v. United States, 2 Cir., 27 F.2d 134; The China, 7 Wall. 53, 19 L.Ed. 67; The Arturo, D.C., 6 F. 308; Meyers v. The America, D.C., 38 F. 256; The Adelina v. The Gulf of Taranto, D.C., 65 F. 622; The C. E. Paul, D.C., 175 F. 246; The Stamford, D.C., 35 F. 2d 55; MacKenzie Barge Surprise v. Lighter Arnold (decision, October 31st, 1928, unreported), in all of which the vessel there in question caused the damage, are not in point.

The "No. 3" was wholly without fault or blame.

The libellant and the barge "L. & W. B. C. Co. No. 11" and those for whose actions they are responsible are wholly without fault or blame.

The respondent-impleaded, Smith Stone Works, Inc., was wholly and solely at fault and to blame.

A decree should be entered in favor of the libellant against the respondent-impleaded, Smith Stone Works, Inc., with costs, and the usual order of reference; and, in favor of the respondent Weeks "Digger No. 3" dismissing the libel as to her, but, without costs.

Settle decree on notice.